UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Mary Mieloch, 5420 Howland Street, Philadelphia, PA 19124

Address of Defendant: Hess Corporation, 1185 Avenue of Americas, New York, NY 10036

Place of Accident, Incident, or Transaction: Philadelphia, PA
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a).) Yes ■ No ☐

Does this case involve multidistrict litigation possibilities? Yes ☐ No ■

RELATED CASE, IF ANY
Case Number: *not yet assigned* Judge:_____ Date Terminated:_____
Note: not yet assigned, but 2 removal petitions were filed for cases involving same plaintiff and same incident.

Civil cases are deemed related when "yes" is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ■ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ■ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ■

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act—Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify_____)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ■ Other Personal Injury (Please specify): **Premises Liability**
7. ☐ Products Liability
8. ☐ Products Liability—Asbestos
9. ☐ All other Diversity Cases (Please specify:_____)

ARBITRATION CERTIFICATION
*(Check appropriate category)*
I, Michael T. Droogan, Jr., Esquire_____ counsel of record, do hereby certify:
■ Pursuant to Local Civil Rule 53.2, Section 3(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;
☐ Relief other than monetary damages is sought.

DATE: 12-20-12   Michael T. Droogan, Jr., Esquire   55973
                 Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12-20-12   Michael T. Droogan, Jr., Esquire   55973
                 Attorney-at-Law                    Attorney I.D.#

CIV. 609 (9/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rule court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Shirley Hall

### DEFENDANTS
Hess Corporation and Hess Mart, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Philadelphia Co., PA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT New York Co., NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: INLAND CONDEMNATION CASES. USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Louis B. Himmelstein, Esq.
Louis B. Himmelstein & Associates
1420 Walnut Street, Ste. 1000, Phila., PA 19102
215-790-9996

ATTORNEYS (if known)
Michael T. Droogan, Jr., Esq.
Litchfield Cavo LLP
1515 Market Street, Ste. 1130, Phila., PA 19102
215-557-0111

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ■ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ■ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ■ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veterans Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>■ 360 Other Personal Injury<br><br>PERSONAL INJURY<br>☐ 362 Personal Injury Med. Malpractice<br>☐ 365 Personal injury Product Liability<br>☐ 368 Asbestos Personal Injury Produce Liability<br><br>PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Product Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl Ret Inc Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS Third Party 28 USC 7809 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 420 Banks and Banking<br>☐ 450 Commerce/ICC/Rates/etc<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Services<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. §§ 1332 and 1441

## VII. REQUESTED IN COMPLAINT
Complaint demands an amount in excess of $75,000 CHECK YES only if demanded in complaint:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23
JURY DEMAND: No.

## VIII. RELATED CASE(S) IF ANY
(See instructions): Yes, but it has not been assigned yet. It was a companion action removed on the same day as this case.
JUDGE_____ DOCKET NUMBER_____

DATE: _____ SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| MARY MIELOCH | : |
| v. | : No.: |
| HESS CORPORATION | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus — Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security — Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration — Cases required to be designated for arbitration under Local Civil Rule 8. ( )

(d) Asbestos — Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management — Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management — Cases that do not fall into any one of the other tracks. (✔)

12-20-12
(Date)

Attorney-at-Law
Michael T. Droogan, Jr., Esq.
*Attorneys for Defendant,*
*Hess Corporation*

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY MIELOCH            :
                        :
   v.                   :
                        : No.:
HESS CORPORATION        :
                        :

## DISCLOSURE STATEMENT FORM

Please check one box:

■  The nongovernmental corporate party, Hess Corporation, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐  The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____

12-20-12
Date

_____
                                        Signature
                        Counsel for:  Defendant, Hess Corporation

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
   (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.
   (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
         (1)  file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
         (2)  promptly file a supplemental statement upon any change in the information that the statement requires.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY MIELOCH | : |
| v. | : No.: |
| HESS CORPORATION | : |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE SAID DISTRICT COURT OF THE UNITED STATES:

The Petitioner, Hess Corporation (herein: "Hess"), respectfully represents:

1. This Civil Action which was commenced in the Court of Common Pleas of Philadelphia County, Pennsylvania, wherein Mary Mieloch is the plaintiff and Hess is the defendant. The action is captioned Philadelphia County Court of Common Pleas, October Term 2012, No. 02950. Plaintiff commenced this action by a Civil Action Complaint on October 21, 2012. (A copy of said Complaint is incorporated herein by reference and attached hereto as Exhibit "A.")

2. The Respondent alleges on December 8, 2010, she tripped and fell on an area of the Hess Station, as she was walking to pay for fuel. *Id.* at ¶4.

3. The controversy in issue is between citizens and corporations of different states. The Petitioner, Hess, is a citizen of the State of New York, by virtue of being a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in the State of New York. The Respondent is a citizen and resident of the Commonwealth of Pennsylvania. *Id.* at ¶¶ 1-2.

4. Plaintiff alleges in her Complaint that she tripped and fell on the defendant's premises and sustained, *inter alia*, aggravation of bilateral temporomandibular joint pain, anterior dislocation of the meniscus of the left temporomandibular joint, bilateral temporomandibular joint internal derangement and contusions to both knees. Plaintiff further alleges that as a result of these alleged injuries, she has incurred medical expenses in excess of $41,000. *Id.* at ¶¶ 17-18.

5. Plaintiff further alleges that she has been prevented from attending her usual daily activities, which include her occupation, presently and into the future. *Id.* at ¶¶ 20-21.

- 2 -

6. In her Complaint, plaintiff demands an amount in controversy that is in excess of $50,000. *Id.* (the *ad damnum* clause of plaintiff's Complaint).

7. If the injuries Respondent sustained were all caused solely by this trip-and-fall incident, and respondent/plaintiff can establish defendant, Hess, is 100% responsible for her damages, then the amount in controversy may exceed $75,000.00, exclusive of interests and costs.

8. Accordingly, Respondent's Complaint constitutes the basis for which the Petitioner can assert that the present case is removable pursuant to 28 U.S.C. §1446(b).

WHEREFORE, Petitioner prays the instant action designated in the Philadelphia County Court of Common Pleas, October Term 2012, No. 02950, be removed from the State Court in the Commonwealth of Pennsylvania to this Court for trial and determination.

Respectfully submitted,

**LITCHFIELD CAVO LLP**

By: _____
MICHAEL T. DROOGAN, JR., ESQ.
Atty I.D. No. 35973
1515 Market Street | Suite 1130
Philadelphia, PA 19102
(215) 557-0111

Attorneys for Defendant,
Hess Corporation

Date: 12-20-12

# EXHIBIT A

| | |
|---|---|
| **BERNARD EDELSON, P.C.**<br>By: Bernard Edelson, Esquire<br>I.D. No. 08913<br>401 City Avenue, Suite 122<br>Bala Cynwyd, PA 19004-1122<br>(610) 664-6776 | **THIS IS A MAJOR CASE.**<br>**JURY TRIAL DEMANDED.**<br><br><br><br>Attorney for Plaintiff |
| **MARY MIELOCH**<br>5420 Howland Street<br>Philadelphia, PA 19124<br>            Plaintiff<br>        v.<br>**HESS CORPORATION**<br>c/o CT CORPORATION SYSTEM<br>1635 Market Street<br>Philadelphia, PA 19103<br>            Defendant | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**TERM, 2012**<br><br>**NO.:** |

## COMPLAINT

TO THE HONORABLE, TO THE JUDGES OF THE SAID COURT:

1. Plaintiff, Mary Mieloch, is an adult individual residing at 5420 Howland Street, Philadelphia, Pennsylvania 19124.

2. Defendant, Hess Corporation, is a Delaware corporation with a corporate address at 1185 Avenue of the Americas, New York, New York. The registered office for acceptance of service of process for the Defendant is c/o CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania 19103.

3. All of the acts alleged to have been done or not done by the Defendant were done or not done by the agents, servants, workmen and/or employees of the said Defendant engaged then and there in the course and scope of their agency and/or employment for or on behalf of the said Defendant.

4. The date and time of the events giving rise to the above-captioned action was December 8, 2010, at or about 3:00 p.m.

Case ID: 12100295

5. The situs of events giving rise to the above-captioned action was the Hess Corporation gas station located at 6395 Oxford Avenue, Philadelphia, Pennsylvania.

6. At all relevant times, Defendant actively conducted business in the City and County of Philadelphia, Commonwealth of Pennsylvania.

7. At the aforesaid time and at all times material hereto the Defendant was the owner of the Hess gas station located at 6395 Oxford Avenue, Philadelphia, Pennsylvania.

8. At the aforesaid time and at all times material hereto the Defendant operated and managed the Hess gas station located at 6395 Oxford Avenue, Philadelphia, Pennsylvania.

9. At the aforesaid time and at all times material hereto the Defendant was in the exclusive possession and control of the area in the vicinity of gas pumps and office where the Plaintiff's accident occurred and the Defendant was responsible for maintenance there.

10. At all the aforesaid time and place the Plaintiff Mary Mieloch was a patron and business invitee of the Defendant at the aforesaid Hess Corporation gas station and was present in order to purchase fuel for her motor vehicle.

11. At the said time and place while the Plaintiff Mary Mieloch was walking from where she had parked her 1997 Honda near one of the gas pumps, approaching the office to pay in advance for the fuel, as she was walking, she tripped, slipped and fell as a result of the dangerous condition of the aforesaid surface of the premises resulting in serious bodily injuries to the plaintiff, Mary Mieloch, and other damages and losses to Plaintiff as will be more hereinafter described.

12. At all times material hereto the Plaintiff Mary Mieloch exercised reasonable care for her own safety and well-being.

13. At the time of the aforementioned accident, the negligence of the Defendant by or through its agents, servants, workmen and/or employees consisted of the following:

 (a) The walkway in which the plaintiff injured was, and is, constructed of different materials, a black top material adjacent to concrete squares with a substantial and dangerous difference in elevation between the black top and concrete creating a tripping hazard;

 (b) Failing to correct and eliminate the tripping hazard as set forth above;

 (c) Failing to warn persons such as plaintiff of the existence of the aforesaid tripping hazard;

 (d) Failing to maintain a walkway that was flush and even;

 (e) Failing to maintain the said walking surface so as to provide safe walking conditions;

 (f) Failing to repair or replace the said concrete panels where there is an abrupt variation in elevation between the two surfaces; and

 (g) absence of any signs, warnings, or other safeguards in the vicinity of the aforesaid tripping condition.

14. Prior to the aforesaid time and date of the above accident, the Defendant by or through its agents, servants, workmen and/or employees, knew or should have known of the existence of the aforesaid hazardous condition and the Defendant is charged with actual and/or constructive knowledge thereof.

15. The aforesaid accident was directly, proximately and legally caused by the negligence of the Defendant, by or through the agents, servants, workmen and/or employees of the Defendant and was due in no manner to any act on the part of the Plaintiff.

16. As a direct, proximate and legal result of the aforementioned accident, the Plaintiff sustained serious bodily injures and emotional shock and fright and other damages and losses hereinafter more particularly described.

17. As a further direct, proximate and legal result of the aforementioned accident, the Plaintiff has sustained injuries to her body including, but at this time not limited to, its bones,

cells, tissues, nerves, muscles, and functions. In particular, Plaintiff sustained damage to the teeth, facial injuries, injury to the jaws, aggravation of bilateral tempromandibular joint pain, anterior dislocation of the meniscus on the left tempromandibular joint, bilateral tempromandibular joint internal derangement, contusions of both knees; some or all of which of said plaintiff's injuries are or may be permanent in nature.

18. As a further direct, proximate and legal result of the aforementioned accident, the Plaintiff has incurred expenses for medicine, medical care and attention, continues to incur such expenses, and will be obliged to incur such expenses in the future, to her great detriment and loss. At the time of the filing of this Complaint said expenses are in an amount in excess of $41,000.00.

19. As a further direct, proximate and legal result of the aforementioned accident, the Plaintiff has been in the past, continues to be, and will in the future be caused to undergo great pain, suffering, agony, mental anguish and emotional distress.

20. As a further direct, proximate and legal result of the aforementioned accident, the Plaintiff has suffered a loss or reduction of her enjoyment of, or capacity for enjoyment of, life's pleasures.

21. As a further direct, proximate and legal result of the aforementioned accident, the plaintiff has been prevented from attending to her usual and daily activities, duties and occupations, and may continue to be prevented from attending to these activities, duties and occupations in the future, to her great detriment and loss.

WHEREFORE, plaintiff, Mary Mieloch, demands judgment in her favor and against the Defendant, Hess Corporation, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

Respectfully submitted,

**BERNARD EDELSON, P.C.**

By: *Bernard Edelson /s/*
    **BERNARD EDELSON, ESQUIRE**
    Attorney for Plaintiff

Date: October 22, 2012

Case ID: 12100295

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY MIELOCH | : |
| v. | : No.: |
| HESS CORPORATION, HESS EXPRESS GAS STATION, AMERADA HESS CORPORATION, and MERIT OIL OF PENNSYLVANIA, INC. | : |

**CERTIFICATE OF SERVICE**

I, Michael T. Droogan, Jr., Esquire, do hereby certify that a true and correct copy of Defendant's Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 was served by U.S. First Class Mail, postage prepaid, on this 20th day of December, 2012, upon the following:

Bernard Edelson, Esquire
**BERNARD EDELSON, P.C.**
Suite 122
401 City Avenue
Bala Cynwyd, PA 19004-1122

**LITCHFIELD CAVO LLP**

By: _____
MICHAEL T. DROOGAN, JR., ESQ.
Atty I.D. No. 55973
1515 Market Street | Suite 1130
Philadelphia, PA 19102
(215) 557-0111

Attorneys for Defendant,
Hess Corporation

Date: 12-20-12