IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY MIELOCH | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-7104 |
| HESS CORPORATION | : | |

**SURRICK, J.**                                                                                                       **JULY 12, 2013**

**MEMORANDUM**

Presently before the Court is Plaintiff Mary Mieloch's Motion to Compel Defendant, Hess Corporation, to Produce a Copy of the Recorded Interview Statement Provided by its Employee (ECF No. 16).  For the following reasons, Plaintiff's Motion will be granted.

**I.  BACKGROUND**

Plaintiff Mary Mieloch commenced this action as a result of a slip and fall that occurred on December 8, 2010 at one of Defendant's gas stations located in Philadelphia, Pennsylvania. (Compl., Notice of Removal Ex. A, ECF No. 1.)  Austin Williams, an employee of Defendant, was operating the kiosk/transaction booth at the gas station when the trip and fall occurred. (Def.'s Br. 1, ECF No. 18.)  On January 11, 2011, approximately five weeks after the alleged accident, Mr. Williams was interviewed by a field investigator for Defendant's insurance company.  (*Id.*)[1]

On October 21, 2012, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County.  (Compl.)  Defendant removed the action to this Court on December 20, 2012.  (Notice of Removal.)  Prior to removal, counsel for Defendant entered his appearance.

---

[1] Defendant's liability claims are managed by a third-party administrator named Helmsman Claims Management.  (Def.'s Br. 1.)  Helmsman is a division of Liberty Mutual Fire Insurance Company.  (*Id.*)

(Pl.'s Mot. 2, ECF No. 16.)

Defendant indicated in its Rule 26.1 disclosure statement that it was in possession of Mr. Williams's statement.  Defendant refuses to provide a copy of that statement to Plaintiff.  (*Id*. at 1-2.)  Plaintiff filed the instant Motion to Compel on May 26, 2013.  (Pl.'s Mot.)  Defendant filed a Response on June 25, 2013. (Def.'s Resp., ECF No. 18; *see also* Def.'s Br.)

## II.     DISCUSSION

Plaintiff requests that the Court compel Defendant to produce a copy of the recorded interview statement of Austin Williams, arguing that the statement does not qualify as work product because Defendant had not yet retained legal counsel at the time that the statement was made.  Defendant refuses to produce the statement, contending that the statement is not discoverable as it was taken in anticipation of litigation.

Rule 26 of the Federal Rules of Civil Procedure permits broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Rule 26(b) also contains limitations on the scope of discovery.   For example, information is not discoverable if it was prepared in anticipation of litigation or if it qualifies under the work product doctrine.  Rule 26(b)(3)(A) provides that:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But subject to Rule 26(b)(4) [dealing with discovery of expert witness information], those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1);
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

In accordance with Rule 26(b)(3), we must first determine whether the witness statement was prepared in anticipation of litigation. The Third Circuit has provided guidance on determining when a statement is obtained in anticipation of litigation.

> Prudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced. Thus, the test should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

*Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993) (quoting *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1993)). When statements from witnesses are obtained "in the ordinary course of business," they do not qualify as work product material eligible for protection under Rule 26(b). *Martin*, 983 F.2d at 1260 (citing Fed. R. Civ. P. 26(b) advisory committee's note). Courts determine whether material qualifies as work product on a case-by-case basis, and consider such things as the "'nature of the document and the factual situation in the particular case.'" *Id.* at 1258 (quoting *United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir. 1990)). A determination is made only after looking at the state of mind of the party preparing the document. *Id*. at 1260 ("Thus, that person's unilateral belief that litigation will result is the initial focus of the inquiry into whether the report was prepared in anticipation of litigation.") (internal quotation marks omitted). The burden is on the party seeking protection of the work product privilege to show that the statement was obtained in anticipation of litigation. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000).

In assessing whether the privilege applies, the fact that the witness statement was obtained by an insurance carrier as opposed to an attorney is not determinative. *Brown v. Nicholson*, No. 06-5149, 2007 U.S. Dist. LEXIS 30753, at *6 (E.D. Pa. April 25, 2007) ("The

3

fact that these [witness] statements were made to Defendant's insurance carrier, or investigators hired by the insurance carrier, does not exempt them from coverage under Rule 26(b)(3) nor does it automatically entitle them to the Rule's protection."). However, whether legal counsel had been retained at the time the discovery materials in question were prepared is relevant to the Court's determination. *See, e.g.*, *id.* at \*7-8 (noting that the involvement of an attorney is "highly relevant" in the determination of whether materials qualify for work-product protection); *Garcia v. City of El Centro*, 214 F.R.D. 587, 593 (S.D. Cal. 2003) (explaining that application of the work product privilege is less likely when "there is no evidence in the record that an attorney was hired at the time of the investigation or that an attorney requested the preparation of the document").

If Defendant meets the burden of showing that the witness statement was prepared in anticipation of litigation, then the burden shifts to Plaintiff to establish (1) a substantial need for the statement in order to prepare her case, and (2) that she is unable to obtain a substantial equivalent to the statement by other means, without undue hardship. Fed. R. Civ. P. 26(b)(3)(A)(ii); *see also Brown*, 2007 U.S. Dist. LEXIS 30753, at \*5-6 (explaining Rule 26(b)(3)'s three-part inquiry).

Here, Mr. Wiliams's statement was obtained only five weeks after Plaintiff's accident occurred. The interview of Mr. Williams was conducted by the field investigator, Kevin McClory, who was employed by the claims management division of Defendant's insurer. There has been no representation that an attorney for Defendant was present during Mr. Williams's interview, nor that the interview was conducted at the request of an attorney. Plaintiff asserts that Defendant had not even retained legal counsel in this matter until December 2012, almost two years after the interview of Mr. Williams. Defendant does not dispute this fact in its

Response to Plaintiff's Motion.  Instead, Defendant offers conclusory assertions that the interview was conducted by the investigator in anticipation of litigation; however, Defendant offers no factual support for this assertion.  Defendant invites us to conclude that simply because an insurance investigator interviewed a witness after Plaintiff put Defendant on notice of the accident, the statement of that witness should be protected by Rule 26(b).

When insurance agencies obtain witness statements after an accident, determining what constitutes work product and what constitutes information obtained in the ordinary course of business can be difficult.  *See Garcia*, 214 F.R.D. at 593 (observing the difficulty courts face in determining the scope of the work product privilege as it applies to investigations conducted by insurance agencies); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 197 F.R.D. 620, 630 (N.D. Iowa 2000).  Insurance companies routinely send agents or investigators to the scene of an alleged accident to gather information and speak to witnesses.  *See Jones v. Nationwide Mut. Fire Ins. Co.*, No. 08-2202, 2010 U.S. Dist. LEXIS 2307, at *4 (M.D. Pa. 2010) ("[I]t is the very nature of an insurer's business to investigate and evaluate the merits of claims.") (quoting *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 662 (S.D. Ind. 1991)); *Am. Home Assur. Co v. United States*, No. 09-258, 2009 U.S. Dist. LEXIS 93597, at *6 (D.N.J. Oct. 7, 2009) (observing that it is "routine" for an insurance company to investigate a claim at the location of the accident).  In deciding whether information obtained from the insurance company's investigation is discoverable, we must focus on whether the insurance investigator had an objective belief that litigation would be a real prospect.  *Martin*, 983 F.2d at 1260.

Based on the facts presented to us, we are not persuaded that Mr. Williams's statement to the insurance investigator qualifies as material obtained in anticipation of litigation.  Attorneys were not present during the interview of Mr. Williams, nor is there any indication that Defendant

had yet retained counsel at the time of the interview. *See Garcia*, 214 F.R.D. at 593-94 (ordering defendant to produce statements by witnesses taken by insurance adjuster because legal counsel had not yet been retained by the defendant at the time of the witness statement). Simply because Defendant's insurer sent an investigator to interview Mr. Williams does not transform Mr. Williams's statement into work product. *See Am. Home Assur. Co*, 2009 U.S. Dist. LEXIS 93597, at *6-8 (finding that an accident report prepared by an insurance investigator was not protected by Rule 26(b)(3) and stating that "[i]t is well-settled that reports generated in the course of general investigations, even if litigation is arguably anticipated, are not entitled to work-product protection"); *Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C. 1982) ("A more or less routine investigation of a possibly resistible claim is not sufficient to immunize an investigative report developed in the ordinary course of business."). Defendant has offered no facts to support its position that, at the time the investigator interviewed Mr. Williams, he believed that litigation was a possibility. It is more plausible that the statement was obtained in the ordinary course of the insurer's business, which is investigating claims regardless of whether those claims subsequently form the basis of a legal dispute. Defendant has failed to meet its burden under Rule 26(b) in demonstrating that Mr. Williams' statement was obtained in anticipation of litigation.[2]

---

[2] Defendant relies entirely on one case decided by this Court to support its conclusory allegation that the witness statement was obtained in anticipation of litigation. In *Brown*, we held that three witness statements were not discoverable since they were made in anticipation of litigation. 2007 U.S. Dist. LEXIS 30753, at * 7-9. The first two statements in *Brown* were made by the defendant to the insurance carrier; however, the defendant's attorney was present when the statements were made. *Id*. at *2-3. The third statement was made by a witness to an investigator hired by the defendant's insurance company. *Id*. at *3. *Brown* is easily distinguishable from the facts alleged in this case. Here, Defendant does not dispute that attorneys were not present during the interview, and there is no indication that Defendant even sought legal representation until after the Complaint was filed in the Philadelphia Court of Common Pleas. Our holding in *Brown* was based in large part on the fact that the defendant had

Because we find that the witness statement was not taken by the insurance investigator in anticipation of litigation, we need not reach the question of whether Plaintiff has shown a substantial need for the statement. The witness statement is not protected by the work product privilege and is discoverable. Defendant must produce the statement to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Mary Mieloch's Motion to Compel will be granted. An appropriate Order will follow.

BY THE COURT:

*/s/R. Barclay Surrick*
**U.S. District Judge**

---

retained legal counsel by the time the statements were made. *Id*. at *9 ("[T]he presence of Defendant's personal attorney at the first two statements suggests that the parties were acting under the belief that litigation was likely."). Moreover, in *Brown*, the only statement taken without the presence of an attorney was made to a representative of an investigatory firm hired by the insurance company, and not to a field investigator employed by the insurance company, as was the case here. The difference, although subtle, is significant. *See Rintchen v. Walker*, No. 95-6861, 1996 U.S. Dist. LEXIS 6104, at *8-9 (E.D. Pa. May 7, 1996) ("Unlike an insurance agency, which conducts investigations both in the ordinary course of business and in anticipation of litigation, an investigation agency is more likely to be hired in anticipation of litigation.") (quoting *Jet Plastica Indus., Inc. v. Goodson Polymers, Inc*., No. 91-3470, 1992 U.S. Dist. LEXIS 449, at *2 (E.D. Pa. Jan. 15, 2009)). We reject Defendant's attempt to stretch our holding in *Brown* to apply to the facts here.

7