IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY MIELOCH                          :
                                      :           CIVIL ACTION
           v.                         :
                                      :           NO. 12-7104
HESS CORPORATION                      :

**SURRICK, J.**                                          **FEBRUARY 27, 2014**

<u>**MEMORANDUM**</u>

    Presently before the Court is Defendant Hess Corporation's Motion for Summary Judgment.  (ECF No. 23.)  For the following reasons, the Motion will be denied.

**I.     BACKGROUND**

    This negligence action arises out of a slip and fall that occurred on December 8, 2010, in Philadelphia, Pennsylvania.  Plaintiff Mary Mieloch was born on October 5, 1929.  On the date of this incident, she was 81 years old.  Plaintiff alleges that she tripped and fell over an elevated portion of a concrete pad at one of Defendant Hess Corporation's gas stations.  (Compl., Notice of Removal Ex. A, ECF No. 1.)  The Hess station, which is owned and maintained by Defendant, is located at 6395 Oxford Avenue in Philadelphia.  (Def.'s Mot ¶¶ 1, 4, ECF No. 23; Pl.'s Resp. ¶¶ 1, 4, ECF No. 25.)

    The facts surrounding this incident are, for the most part, not in dispute.  At approximately three o'clock in the afternoon, Plaintiff pulled into the Hess station and parked her car directly adjacent to a gasoline pump marked as "Pump One".  (Mieloch Dep. 36, Def.'s Mot. Ex. 4.)  Plaintiff exited her vehicle, opened the gas tank, and began to walk towards the pay kiosk to pre-pay for gasoline.  (Mieloch Dep. 34-37.)  Customers at this Hess station are required to pre-pay for fuel before pumping.  (*Id*. at 36-37.)  While walking towards the kiosk, Plaintiff

tripped on an uneven surface in an area where the asphalt meets a concrete pad on which the gas pumps are located. (Def.'s Mot. ¶ 8; Pl.'s Resp. ¶ 8.) The location where Plaintiff tripped was approximately ten feet away from where she exited her car. (Mieloch Dep. 37.) The change in elevation between the asphalt and the concrete pad is approximately one-and-a-half to three inches.[1] Plaintiff's foot became caught in a corner of the elevated concrete pad, causing Plaintiff to fall forward and hit the cement in front of her. (Mieloch Dep. 37-38, 65.)

At the time of her accident, Plaintiff was walking at a normal pace, was wearing flat shoes, and was not carrying anything in her hands. (*Id*. at 38, 50.) Plaintiff was looking down at the ground at the path in front of her, but did not observe the change in elevation on the ground. (*Id*. at 41-42.) She did not notice the condition until after she tripped and fell. (*Id*. at 42.) Plaintiff is a frequent customer at this Hess gas station, and testified that she has gone there approximately once every eight days for the past ten or so years to purchase gas. (*Id*. at 33.) As a result of the fall, Plaintiff sustained injuries to her jaw, teeth, face, hands, and knees. (Compl. ¶

---

[1] During her deposition, Plaintiff testified that the change in elevation was "a good two inches, if not more." (Mieloch Dep. 43.) She also testified at her deposition that her foot got stuck in the corner where the concrete pad meets the asphalt, and that the concrete pad where her foot got stuck is raised three inches above the asphalt. (*Id*. at 69.) Approximately two months after the incident, Plaintiff returned to the Hess station to take pictures of the parking lot and the depression in the asphalt. (*Id*. at 56; *see also* Def.'s Mot. Ex. 5.) In one photograph, Plaintiff placed a ruler at the area where she tripped, indicating that the elevation change measures approximately three inches. (Def.'s Mot. Ex. 5; Mieloch Dep. 69.)

Defendant also submits a photograph of the location where Plaintiff fell. In Defendant's photograph, the change in elevation is depicted using a carpenter's square and measures slightly less than 1.5 inches. (Def.'s Mot. ¶ 12 & Ex. 6.)

Despite her deposition testimony and the photograph she took at the location of her accident, Plaintiff stated in her response to the Summary Judgment Motion that "the sidewalk elevation disparity" at issue "measures approximately 1.5 inches." (Pl.'s Br. 3; *see also id*. at 4 (indicating that "the defect in question measur[es] approximately 1 ½ inches").) Based on this, it is unclear whether the exact measurement of the elevation disparity is actually in dispute. However, viewing the facts in a light most favorable to Plaintiff, and resolving any doubts in her favor, we will assume that her counsel mischaracterized her understanding of the height of the defect, and that she does not concede to Defendant's measurement of the depression.

17; Mieloch Dep. 14-15.)[2]

On October 21, 2012, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County.  Defendant removed the action to this Court on December 20, 2012.  The Complaint asserts one count against Defendant for negligence.  On December 16, 2013, Defendant filed a Motion for Summary Judgment.  (Def.'s Mot.)  Plaintiff filed a Response in opposition to Defendant's Motion on December 26, 2013.  (Pl.'s Resp.)

## II.     LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); s*ee also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).  Where the nonmoving party bears the burden of proof at trial, the moving party may identify an absence of a genuine issue of material fact by showing the court that there is no evidence in the record supporting the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 325 (1986); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004).  If the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record. . . ."); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").  The nonmoving party may not avert summary

---

[2] The Complaint states that "Plaintiff sustained damage to the teeth, facial injuries, injury to the jaws, aggravation of bilateral tempromandibular joint pain, anterior dislocation of the meniscus on the left tempromandibular joint, bilateral tempromandibular joint internal derangement, contusions of both knees; some or all of which of said plaintiff's injuries are or may be permanent in nature."  (Compl. ¶ 17.)

3

judgment by relying on speculation or by rehashing the allegations in the pleadings. *Ridgewood Bd. of Educ. v. N.E. for M.E.,* 172 F.3d 238, 252 (3d Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). When deciding a motion for summary judgment, courts must view facts and inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255. Moreover, courts must not resolve factual disputes or make credibility determinations. *Siegel Transfer, Inc. v. Carrier Express, Inc.,* 54 F.3d 1125, 1127 (3d Cir. 1995).

### III.     DISCUSSION[3]

Defendant's Motion for Summary Judgment is premised on one argument. Defendant argues that Plaintiff's negligence claim must fail because the condition in the Hess parking lot that Plaintiff alleges caused her to trip and fall was de minimis or trivial, and, therefore, not actionable as a matter of law. Plaintiff responds that the change in elevation between the asphalt and concrete pad is not so obviously trivial and that her claim should be submitted to the jury.

The duty of care owed to a business visitor or invitee is set forth in the Restatement (Second) of Torts Sections 343 and 343A. Defendant does not dispute that Plaintiff was a business invitee at the Hess station at the time of the incident.[4] Section 343 states that:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the

---

[3] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen of Pennsylvania and Defendant is a Delaware Corporation with a corporate address in New York.

[4] A business invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts § 332(3) (1965).

> condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.  Section 343A deals with known or obvious dangers, and provides:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
> . . . .

Restatement (Second) of Torts § 343A(1).

Specifically with respect to walking surfaces, Pennsylvania law provides that it is the duty of business owners to keep walking surfaces in a reasonably safe condition for travel by the public.  *Mull v. Ickes*, 994 A.2d 1137, 1140 (Pa. Super. Ct. 2010).  Business owners also have a duty to warn invitees or visitors of latent defects or dangers which they knows exist or should have known existed in the exercise of reasonable care.  *Ozer v. Metromedia Rest. Gp.*, No. 04-940, 2005 U.S. Dist. LEXIS 3447, at *20 (E.D. Pa. March 7, 2005) (citing *Watkins v. Sharon Aerie Fraternal Order of Eagles*, 223 A.2d 742, 743 (Pa. 1966)).  Whether a business owner has complied with this duty is determined on a case by case basis after looking at all of the surrounding circumstances.  *Mull*, 994 A.2d at 1140.

While business owners have a duty to maintain their walking surfaces in a reasonably safe condition, "there is no duty to insure that a pedestrian is protected from any and all accidents."  *Ozer*, 2005 U.S. Dist. LEXIS 3447, at *21; *see also Magennis v. City of Pittsburgh*, 42 A.2d 449, 450 (Pa. 1945).  Pennsylvania courts have adopted what is known as the trivial

defect doctrine. Under this doctrine, "an elevation, depression, or irregularity in a sidewalk or in a street or highway may be so trivial that, as a matter of law, courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist." *Mull*, 994 A.2d at 1140; *Davis v. Potter*, 17 A.2d 338, 339 (Pa. 1941). Thus, if a court concludes that a defect in a walking surface is so trivial that no reasonable juror could impose liability on the business owner, then summary judgment is appropriate. *Shaw v. Thomas Jefferson Univ.*, 80 A.3d 540, 544 (Pa. Commw. Ct. 2013); *Davis*, 17 A.2d at 339 (finding that "the alleged defect was so trifling . . . that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist"). However, unless a defect is "obviously trivial," the determination of whether the defect should render a business owner liable "must be submitted to a jury." *Breskin v. 535 Fifth Ave.*, 113 A.2d 316, 318 (Pa. 1955).

Whether a defect is sufficient to render the business owner liable is determined in light of the circumstances of a particular case. *Shaw*, 80 A.3d at 543 (citing *Breskin*, 113 A.2d at 318); *see also McGlinn v. City of Phila.*, 186 A. 747, 748 (Pa. 1948). However, "'no definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression' to determine whether the defect is trivial." *Mull*, 994 A.2d at 1140 (quoting *Breskin*, 113 A.2d at 318); *see also Shaw*, 80 A.3d at 543 (noting that there is "no mathematical or bright-line rule" for determining whether a defect is trivial). Rather, "[e]ach case presents a unique set of circumstances that must be evaluated on an independent basis." *Shaw*, 80 A.3d at 545.

In support of its Motion, Defendant cites cases where the alleged defect was found to be "obviously trivial" in nature, and contends that Pennsylvania law categorically renders a defect less than two inches trivial. Examples cited by Defendant include: (1) a one-and-a-half inch vertical rise in a sidewalk, *German v. McKeesport*, 8 A.2d 437, 441 (Pa. Super. Ct. 1939); (2) an

uneven, rough, unpaved strip of sidewalk that was two to four inches lower than the paved sidewalk, *Foster v. Borough of West View*, 195 A. 82, 83-84 (Pa. 1937); (3) a manhole cover that projected two inches above the sidewalk, *Harrison v. Pittsburgh*, 44 A.2d 273, 273-74 (Pa. 1945); (4) a depression in cobblestone that measured about one-and-a-half to two inches deep, *Bosack v. City of Pittsburgh R. Co.*, 189 A.2d 877, 879-80 (Pa. 1963); (5) a .75 to 1.5 inch difference in height between a sidewalk and driveway, *Lucacos v. Tzinis*, 76 Pa. D. & C. 4th 404, 407-08 (Pa. Ct. Com. Pl. Bucks, Oct. 12, 2005); and (6) a depression in blacktop that was "no more than one inch deep," *Lawler v. Berat*, No. 2845, 2006 Phila. Ct. Com. Pl. LEXIS 377, at * 2-4 (Pa. Ct. Com. Pl. Phila., Aug. 23, 2006).

Defendant's reliance on these cases to support its argument is misguided. Defendant overlooks the many Pennsylvania cases that have determined that elevations at the same depth or less than the one at issue in this case do not warrant judgment in favor of the defendants as a matter of law. *See, e.g.*, *Ivicic v. Best Buy*, 918 A.2d 797 (Pa. Super. Ct. 2006) (reversing grant of summary judgment and lower court determination that depression of one to three inches located in uneven parking lot was trivial defect); *Mull*, 994 A.2d at 1140 (reversing grant of summary judgment and trial court's finding that 1.5 inch deep depression was trivial defect); *Melchiorre v. Lords Valley Xtra Mart*, 13 A.3d 973 (Pa. Super. Ct. 2010) (reversing grant of summary judgment where trial court found that a one inch rise in elevation between asphalt and concrete pad at gas station was a trivial defect); *Smith v. SEPTA*, 707 A.2d 604, 610 (Pa. Commw. Ct. 1998) (crack in sidewalk that measured 1.5 to 2 inches was not so obviously trivial); *Shaw*, 80 A.3d at 544-45 (reversing grant of summary judgment and determining that a 2 to 2.5 inch change in elevation between two portions of sidewalk was not trivial as a matter of law); *Ozer*, 2005 U.S. Dist. LEXIS 3447, at *21-23 (holding that a 7/16 to 3/4 inch ridge in

asphalt precluded summary judgment); *Murillo v. United States*, No. 09-1974, 2010 U.S. Dist. LEXIS 20702, at *7-8 (E.D. Pa. Mar. 8, 2010) (denying summary judgment and declining to find that one inch gap between brick pavers and pavement was trivial); *Love v. Pirozzi*, No. 05-5048, 2006 U.S. Dist. LEXIS 23726, at *17-19 (E.D. Pa. Apr. 26, 2006) (denying summary judgment and finding that 1.5 to 2 inch elevation in concrete was not a trivial defect); *Waddington v. United States*, No. 07-4903, 2008 U.S. Dist. LEXIS 48408, at *21 (E.D. Pa. June 24, 2008) (denying summary judgment where difference in height between a water main cover and sidewalk was 1.5 to 2 inches); *Erb v. Ainslie*, No. 519, 2013 Phila. Ct. Com. Pl. LEXIS 428, at *10 (Phila Ct. Com. Pleas, Oct. 23, 2013) (concluding that a 1 and 1/8 inch elevation in a sidewalk that the plaintiff tripped over was not a de minimus defect).

In addition, Defendant ignores the Pennsylvania Supreme Court's guidance that there is "no definite or mathematical rule" for determining whether a defect is trivial. *Breskin*, 113 A.2d at 318. Each case must be examined based on the facts presented and upon all of the surrounding circumstances. We reject Defendant's invitation to apply a numerical delineation between defects that qualify as trivial and those that do not. The case law does not support this approach. We note, however, that even if we were to adopt Defendant's argument that defects less than two inches are categorically trivial, there exists a factual dispute here as to the actual depth of the depression at the Hess parking lot. Accepting Plaintiff's version of the facts, the change in elevation between the asphalt and the concrete pad was at least two inches, if not more. This undermines Defendant's entire premise for summary judgment.

After a review of the evidence submitted by the parties, which includes nine photographs and the transcript from the deposition of Plaintiff, we are unable to conclude as a matter of law that the defect at the Hess parking lot is obviously trivial. The change in elevation between the

asphalt and the concrete pad is somewhere between 1.5 inches and over three inches, which although not significant, is certainly not trifling.  *See Mull*, 994 A.2d at 1140; *Shaw*, 80 A.3d at 544-45; *Love*, 2006 U.S. Dist. LEXIS 23726, at *17-19; *Murillo*, 2010 U.S. Dist. LEXIS 20702, at * 7-8.  Moreover, the elevated portion of the concrete pad over which Plaintiff tripped and fell is located in between the gas pumps and the payment kiosk, an area that customers are required to walk through because of Hess' practice of requiring customers to pre-pay for fuel.  *See Love*, 2006 U.S. Dist. LEXIS 23726, at *17-18 (finding relevant in determining that 1.5 inch defect in sidewalk was not trivial the fact that "the elevated portion of the sidewalk [was] located along the path customers walk when moving from the parking area to the Restaurant entrance"); *Shaw*, 80 A.3d at 545 (noting that the fact that the sidewalk being heavily trafficked was relevant in deciding whether defect in sidewalk was trivial).

    Finally, as noted above, there exists a dispute as to a material fact, namely, the actual depth of the depression that caused Plaintiff's fall.  The parties submitted photographs without identifying who took the photographs or indicating whether the photographs are fair and accurate representations of the depression.  *See Murillo*, 2010 U.S. Dist. LEXIS 20702, at *7-8 (concluding that the defendant failed to satisfy its burden in establishing the absence of material facts where it made no representation that the photographs of the alleged defect in sidewalk was a fair and accurate representation of the sidewalk at the time the incident occurred).  Under these circumstances, we cannot hold as a matter of law that the defect in the walkway in question is a trivial defect.  This question is better left for the jury to decide.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Hess Corporation's Motion for Summary Judgment will be denied.

An appropriate Order will follow.

                                                         **BY THE COURT:**

                                            _____

                                           **R. BARCLAY SURRICK,  J.**